IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL WALKER, | Civil No. 3:22-cv-713 |
| Plaintiff | (Judge Mariani) |
| v. | |
| P.A. FAWN LYNN BALDAUF, | |
| Defendant | |

## MEMORANDUM

Plaintiff Michael Walker ("Walker"), an inmate who was housed, at all relevant times, at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint against Certified Registered Nurse Practitioner Fawn Baldauf. (Doc. 30). Presently before the Court is Walker's motion (Doc. 51) to compel discovery. For the reasons set forth below, the motion will be granted in part and denied in part.

I. Factual Background & Procedural History

The events giving rise to Walker's cause of action stem from the medical treatment rendered by Defendant at SCI-Huntingdon. (Doc. 30). Walker alleges that Defendant failed to provide adequate medical care and intentionally denied or delayed medical care and treatment. (*Id.* ¶¶ 1, 3, 71-78).

Walker asserts that he required a "medical surgical procedure to his lower/mild spinal region to his back." (*Id.* ¶ 10). In June and July of 2020, Defendant treated Walker

during sick call for complaints of a lesion or abscess on his lower back causing chronic pain. (*Id.* ¶ 11). On July 9, 2020, Defendant performed a medical procedure to remove the lesion or abscess. (*Id.* ¶ 12). During the procedure, or sometime after the procedure, Defendant informed Walker that she would schedule him for a post-operative appointment. (*Id.* ¶ 13). On July 17, 2020, Walker was called to the medical department for a follow-up with Defendant. (*Id.* ¶ 14). During this examination, Defendant informed Walker that the sutures had separated and appeared to be infected. (*Id.* ¶ 15). Defendant indicated that she would prescribe an antibiotic and schedule an appointment with an outside medical provider. (*Id.* ¶ 16). Walker asserts that Defendant failed to replace the sutures. (*Id.*).

During the course of the next several weeks, Walker alleges that his condition worsened, and Defendant failed to provide follow-up appointments. (*Id.* ¶ 17). Walker was eventually treated by a prison doctor, nurse, and physician assistant. (*Id.* ¶¶ 42-48). In October of 2020, physician assistant Nalley performed an additional procedure to his lower back "because defendant Baldauf…refused." (*Id.* ¶¶ 53-54). Physician assistant Nalley subsequently prescribed an antibiotic. (*Id.* ¶ 57).

Walker further alleges that Defendant retaliated against him for filing a grievance. (*Id.* ¶¶ 4, 60, 80). He also sets forth various state law claims. (*Id.* ¶¶ 81-90).

Walker filed the instant motion to compel discovery wherein he asserts that Defendant's answers and responses to his Interrogatories and Requests for Production of

Documents were evasive and untruthful. (Doc. 51; Doc. 52, p. 5). The motion is ripe for resolution.

## II. Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV P. 37(a). The moving party must demonstrate the relevance of the information sought to a particular claim or defense. The burden then shifts to the opposing party, who must demonstrate in specific terms why a discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. *Goodman v. Wagner*, 553 F. Supp. 255, 258 (E.D. Pa. 1982).

Generally, courts afford considerable latitude in discovery in order to ensure that litigation proceeds with "the fullest possible knowledge of the issues and facts before trial." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case… Information within this scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). "[A]ll relevant material is discoverable unless an applicable evidentiary privilege is asserted. The presumption that such matter is discoverable, however, is defeasible." *Pearson v. Miller*, 211 F.3d 57, 65 (3d Cir. 2000). Furthermore, the court may limit discovery if the discovery sought is unreasonably

cumulative, duplicative, or readily obtainable from some other source, the party seeking discovery has had ample opportunity to obtain the information through discovery, or the proposed discovery is outside the scope permitted by Rule 26(b)(1). FED. R. CIV. P. 26(b)(2)(C).

## III. Discussion

Walker takes issue with several of Defendant's responses to his Interrogatories and Requests for Production of Documents. (Docs. 51, 52). The Court will address each request in turn.

### A. Requests for Answers to Interrogatories

Walker asks the Court to compel Defendant to provide additional answers to nine interrogatories, asserting that her responses are evasive. (*See* Docs. 51, 52, 53-1).

> Interrogatory Number 1: What is your educational and medical history and background. In your answer you are identify any and all medical certifications, certificates, documents, statements, Collegiate Degree's, or, BS in medical/medicine care and treatment.
>
> ANSWER: Responding Defendant, Fawn Baldauf, is a Certified Registered Nurse Practitioner with the training and education commensurate with this degree and licensure as governed by the Pennsylvania Board of Nursing.

Defendant states that she produced her licensing report from the Commonwealth to demonstrate that she is fully licensed. (Doc. 53, p. 3). She further responds that she earned her nursing diploma from Pottsville Hospital School of Nursing, her bachelor's

4

degree in nursing from Penn State University, and her master's degree in nursing from Concordia University, Wisconsin. (*Id.*). Additionally, she is board certified by the American Association of Nurse Practitioners. (*Id.*). Based on the additional information provided by Defendant, Walker "does 'not object', to defendant's answers." (Doc. 69, p. 13). The Court will deny the motion to compel with respect to Interrogatory Number 1.

> Interrogatory Number 9: What information(s) concerning the events in question regarding this civil rights action, prior to you performing of said medical procedural upon plaintiff, on July 9, 2020, did you not diagnose plaintiff with having of a serious medical need.
>
> ANSWER: The corresponding Interrogatory is unintelligible as written, and, as such, Responding Defendant cannot reasonably respond. By way of further response, Plaintiff's medical records would likely contain the information sought by this Interrogatory. Responding Defendant[ ] also objects to the instant Interrogatory in that it calls for a legal conclusion.
>
> Interrogatory Number 10: If your answer is YES, to Interrogatory No. 9, please in full complete details and with specificity, explain in medical terms, or, explanation to your diagnosis of plaintiff, and the sever of his medical needs/condition causing and/or leading up to medical surgical procedural, on July 9,2020.
>
> ANSWER: *See*, Responding Defendant's Answer to Interrogatory No. 9.

Defendant maintains that she does not have personal recollection of Walker's medical history or treatment because she has treated numerous patients over the years and because she no longer works for Wellpath. (Doc. 53, p. 4). Defendant maintains further that Walker can review his medical records, which have been

5

provided to him, for specific information about his medical treatment. It appears that Walker is asking whether Defendant diagnosed him with a serious medical condition prior to July 9, 2020. (Doc. 52, p. 8). The Court will grant the motion to compel with respect to Interrogatory Numbers 9 and 10 and direct Defendant to provide a further response.

> Interrogatory Number 13: It is true that during post surgical examination/observation to plaintiff's serious medical needs/conditions, On July 17,2022, the defendant, in fact, observed plaintiff's having of complication: As an Example: 'Surgical Prolene Sultures' separated from 'performed incision', thereby cauing, bleeding, inflammation, flutuant and purulent discharge and swelling. In your answer please identify any and all documents supporting your answer.
>
> ANSWER: The corresponding Interrogatory is unintelligible as written, and, as such, Responding Defendant cannot reasonably respond. By way of further response, Plaintiff's medical records would likely contain the information sought by this Interrogatory.

Defendant again represents that she does not have personal recollection of Walker's medical history or treatment, she no longer works for Wellpath, and that Walker can review his own medical records for specific information about his medical treatment. (Doc. 53, p. 5). It appears that Walker is inquiring as to whether Defendant observed any complications, such as ruptured sutures, after the procedure on July 17, 2020. (Doc. 52, pp. 9-10). The Court will grant the motion to

compel with respect to Interrogatory Number 13 and direct Defendant to provide a further response.

>    Interrogatory Number 16: If your answer is NO, to Interrogatory No. 14. Please in full complete and factual details, and with specificity, your reason, or, reason(s) for no recommendation.
>
>    ANSWER: *See*, Responding Defendant's Answer to Interrogatory No. 14.
>
>    Interrogatory Number 17: It is true that you did not participate and/or take part in additional surgical procedural on October 29 and/or 30, 2020, to correct error from previous procedural. If your answer is NO, please in full complete and factual details, and with specificity, your reason, or, reasons for no participation.
>
>    ANSWER: Pursuant to FED. R. CIV. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him. *See*, Plaintiff's medical records. Defendant further objects to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.

Interrogatory Number 14 asks whether Defendant recommended that Walker be treated by an outside medical provider on July 27, 2020. (Doc. 53-1, p. 6). In her answer to Interrogatory Numbers 14 and 17, Defendant responded that while she could not understand what was being asked by the Interrogatory, Walker should review his medical records. (Doc. 53, pp. 6-7). Defendant further responded that she does not have personal recollection of Walker's medical history or treatment and she no longer works for Wellpath. (*Id.*). It appears that Walker is inquiring as to

7

whether Defendant recommended that Walker be treated by an outside medical provider on July 27, 2020, and whether or not she participated in an additional surgical procedural on October 29, 2020, or October 30, 2020. The Court will grant the motion to compel with respect to Interrogatory Numbers 16 and 17 and direct Defendant to provide further responses.

> Interrogatory Number 19: Please identify each and every document, records and/or recordings to Defendant's work performance evaluation as a 'PA', employed by 'DOC', and from the periods of initial hiring and to present day.
>
> ANSWER: Responding Defendant[ ] objects to the corresponding Interrogatory on the basis that it is overly broad, unduly burdensome, and not likely to lead to the production of admissible evidence, particularly in when the Interrogatory seeks "each and every document" without limitation and over a period of many years outside of the allegations. Further, Responding Defendant[ ] objects on the basis that the information sought is irrelevant to the narrow issues involved in this lawsuit.

The Court agrees with Defendant. This request is overbroad and asks for information concerning Defendant's work performance and activities likely with other inmates, the relevancy of which, if any, is substantially outweighed by the burden of production, confidentiality, and proportionality considerations. The motion to compel this information is denied.

> Interrogatory Number 24: Please identify the 'Essential and Nature' on basis and purposes regarding defendant's Administrative Transfer from SCI-Huntingdon to SCI-Smithfield between the periods of November 2021 to

8

November 2022. In your answer you should identify the persons, place and times of the communication, administrative decision-making and reasons for administrative action taken.

ANSWER: Responding Defendant is a former contracted provider of medical services for Wellpath and is not an employee of the PA Department of Corrections. Defendant has no responsive knowledge or information related to transfers or assignments from the Office of Population Management.

Interrogatory Number 25: With referenced to Interrogatory No. 24, please identify and provide copies of documents involving, institutional/ administrative review, internal investigations, or, decision-making, any complaints, and/or recommendations made by SCI-Huntingdon's medical dept., arising more than one (1) before initial administrative review, or, decision-making process, and those involved, you should identify in your answer, the persons, place and time of communications and reasons for administrative actions, decision-making procedural and/or process, and, reasons for transfer to SCI-Smithfield.

ANSWER: *See*, Responding Defendant's Answer to Interrogatory No. 24.

Walker seeks information concerning Defendant's transfer to a different facility during November 2021 through November 2022. The Court will deny Walker's attempt to uncover Defendant's employment history as this information is likely confidential.

    B.    <u>Requests for Production of Documents</u>

Walker seeks an Order to compel Defendant to produce additional materials with respect to Request Numbers 3, 4, 5, 6, 7, 9, 10, 11, 13, 15, 17, 18, 19, 20, 21, 22, and 25. (Doc. 52, pp. 14-23; *see also* Doc. 53-2). Those requests are as follows.

Production Request No. 3: Any and all copies to SCI-Huntingdon's Medical dept's, directives, memo's, policies, or, material information(s) showing the authorization and/or approval for defendant to act and perform medical surgical procedural upon plaintiff, on July 9, 2020.

RESPONSE: See Plaintiff's medical records attached by way of response for records related to medical treatment on July 9th, 2020, which would include any authorizations that may have been required.

Production Request No. 4: Any and all copies of documents to SCI-Huntingdon's medical dept's., directives, policies, regulations, memo's, data, or, material information(s), on its 'Protocol's and procedures on performing medical procedures and/or medical emergencies.

RESPONSE: As a former contracted provider of health care services within the PA Department of Corrections, Wellpath adheres to DOC policies and procedures. Consequently, such documents, if any exist, would be in the custody or control of the DOC, not Responding Defendant. By way of further response, Responding Defendant no longer works for Wellpath, and she has not retained any policies/memos/etc. that she might previously have had access to.

Production Request No. 5: Any and all copies to production of documents and/or material informations relied upon to defendant's answer to Plaintiff's Interrogatory No. 1.

RESPONSE: See attached information from Bureau of Professional and Occupational Affairs.

Production Request No. 6: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 2.

RESPONSE: See Answer to Request 5.

Production Request No. 7: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 3.

RESPONSE: No additional responsive information available.

Production Request No. 9: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 5.

RESPONSE: No additional responsive information available that has not been produced by way of responses to these requests.

Production Request No. 10: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 6.

RESPONSE: No additional responsive information available that has not been produced by way of responses to these requests.

Production Request No. 11: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 7.

RESPONSE: No additional responsive information available that has not been produced by way of responses to these requests.

Production Request No. 13: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 9.

RESPONSE: No additional responsive information available that has not been produced by way of responses to these requests.

Production Request No. 15: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 19.

RESPONSE: No additional responsive information available.

Production Request No. 17: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 21.

RESPONSE: No additional responsive information available that has not been produced by way of responses to these requests.

Production Request No. 18: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 22.

RESPONSE: No additional responsive information available.

Production Request No. 19: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 23.

RESPONSE: No additional responsive information available that has not been produced by way of responses to these requests.

Production Request No. 20: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 24.

RESPONSE: As a former contracted provider of health care services within the PA Department of Corrections, Wellpath adheres to DOC policies and procedures. As such, such documents, if any exist, would be in the custody or control of the DOC.

> Production Request No. 21: Any and all copies to production of documents and/or material information(s) relied upon to defendant's answer to Plaintiff's Interrogatory No. 25.
>
> RESPONSE: As a former contracted provider of health care services within the PA Department of Corrections, Wellpath adheres to DOC policies and procedures. As such, such documents, if any exist, would be in the custody or control of the DOC.
>
> Production Request No. 22: Any and all copies of documents and/or material information(s) to any complaints filed against defendant, as a 'PA', including, but not limited to: Criminal, Civil, Medical Malpractice, Civil Service Actions, Medical State Board, institutional and/or prison, prison's investigation office, and its factual and conclusive findings, decision-making and resolutions.
>
> RESPONSE: Responding Defendant objects to the form of this Request as being overbroad, burdensome and irrelevant as to time and scope outside the present lawsuit. By way of further response, Defendant Baldauf is a CRNP, and not a PA, and as such has not been named as a PA. Furthermore, Ms. Baldauf may have been named in additional suits but does not keep a list or otherwise has that information at her disposal. Regardless, the requested information is likely public information, to the extent it exists, and is therefore equally in Plaintiff's ability to obtain as Defendant's.
>
> Production Request No. 25: Any and all Tangible things, data, photographs, diagrams, reports, recordings, audio, video and/or tapings to the facts alleged in Plaintiff's complaint and defenses and factual assertions in Defendant's answers.
>
> RESPONSE: See Plaintiff's moves and cell history report which Defendant has also received by way of subpoena.

(Doc. 53-2).

In her collective response to Walker's motion to compel additional documents, Defendant asserts that she subpoenaed the relevant records from the Pennsylvania

Department of Corrections ("DOC") and provided those records to Walker. (Doc. 53, pp. 10-11). Walker challenges Defendant's representation that the DOC is the custodian of his institutional records and that she does not have access to the requested documents. (Doc. 69, p. 21).

Defendant represents that she produced the following records to Walker: (1) approximately 700 pages of medical records, (2) approximately 100 pages of grievance records, (3) a moves report, (4) a cell history report, and (5) Defendant's licensure report with the Commonwealth of Pennsylvania. (Id.). Defendant maintains that she has no further documents in her possession which are responsive to Walker's Requests for Production of Documents. (Id.). She maintains further that she no longer works for Wellpath. (Id.). The Court finds this to be a sufficient answer. As Defendant is no longer employed by Wellpath, she most likely does not have access to any Wellpath documents. To the extent that Walker seeks production of DOC policies relevant to Wellpath, such policies are publicly available on the DOC's website.[1]

Additionally, the DOC maintains records for inmates in state prisons. The Court notes that pursuant to DC-ADM 003, Walker can view his medical records directly from the DOC by submitting a form DC-135A. See DC-ADM 003.[2]

---

[1] See https://www.pa.gov/agencies/cor/about-us/doc-policies.html.

[2] The Policy is available online at https://www.pa.gov/agencies/cor/about-us/doc-policies.html.

14

It is clear that Defendant has largely complied with the Requests for Production of Documents served upon her by Walker. The Court, therefore, will deny the motion to compel with respect to Walker's Requests for Production of Documents.

## IV. Conclusion

Consistent with the foregoing, Walker's motion (Doc. 51) to compel will be granted in part and denied in part.

Defendant shall supplement her responses to Interrogatory Numbers 9, 10, 13, 16, and 17, as set forth herein. The motion to compel responses to Interrogatory Numbers 1, 19, 24, and 25 will be denied.

Finally, the Court will deny Walker's motion seeking to compel additional responses to his Requests for Production of Documents to the extent that the documents are not in the Defendant's possession, custody, or control.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: May 23, 2025