IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL WALKER, | : | Civil No. 3:22-cv-713 |
| Plaintiff | : | (Judge Mariani) |
| v. | : | |
| P.A. FAWN LYNN BALDAUF, | : | |
| Defendant | : | |

## MEMORANDUM

Plaintiff Michael Walker ("Walker"), an inmate who was housed, at all relevant times, at the State Correctional Institution, Huntingdon, Pennsylvania ("SCI-Huntingdon"), initiated this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint against Certified Registered Nurse Practitioner Fawn Baldauf. (Doc. 30). Presently before the Court is Walker's motion (Doc. 91) for sanctions pursuant to Federal Rule of Civil Procedure 37(a)(5)(C).

Walker seeks sanctions against Defendant because the Court issued an Order on May 23, 2025, granting, in part, his motion to compel discovery. (Docs. 87, 88). In

particular, the Court ordered Defendant to provide supplemental responses to Interrogatory Numbers 9, 10, 13, 16, and 17.[1] (Doc. 88). Defendant confirms that she did so.[2] (Doc. 93).

For the reasons set forth below, the Court will deny Walker's motion (Doc. 91) for sanctions.

I. **Factual Background**

The events giving rise to Walker's cause of action stem from the medical treatment rendered by Defendant at SCI-Huntingdon. (Doc. 30). Walker alleges that Defendant failed to provide adequate medical care and intentionally denied or delayed medical care and treatment. (Id. ¶¶ 1, 3, 71-78).

Walker asserts that he required a "medical surgical procedure to his lower/mild spinal region to his back." (Id. ¶ 10). In June and July of 2020, Defendant treated Walker during sick call for complaints of a lesion or abscess on his lower back causing chronic pain. (Id. ¶ 11). On July 9, 2020, Defendant performed a medical procedure to remove the lesion or abscess. (Id. ¶ 12). During the procedure, or sometime after the procedure, Defendant informed Walker that she would schedule him for a post-operative appointment. (Id. ¶ 13). On July 17, 2020, Walker was called to the medical department for a follow-up with Defendant. (Id. ¶ 14). During this examination, Defendant informed Walker that the sutures

---

[1] The Court ordered Defendant to provide supplemental responses within 20 days of the May 23, 2025 Order—on or about June 12, 2025.

[2] While Defendant has responded that she did, in fact, mail the supplemental responses to Walker via regular U.S. mail on June, 12, 2025 (Doc. 93), the Court will order Defendant to file a copy of the supplemental responses for the Court's reference.

had separated and appeared to be infected. (*Id.* ¶ 15). Defendant indicated that she would prescribe an antibiotic and schedule an appointment with an outside medical provider. (*Id.* ¶ 16). Walker asserts that Defendant failed to replace the sutures. (*Id.*).

During the course of the next several weeks, Walker alleges that his condition worsened, and Defendant failed to provide follow-up appointments. (*Id.* ¶ 17). Walker was eventually treated by a prison doctor, nurse, and physician assistant. (*Id.* ¶¶ 42-48). In October of 2020, physician assistant Nalley performed an additional procedure to his lower back "because defendant Baldauf...refused." (*Id.* ¶¶ 53-54). Physician assistant Nalley subsequently prescribed an antibiotic. (*Id.* ¶ 57).

Walker further alleges that Defendant retaliated against him for filing a grievance. (*Id.* ¶¶ 4, 60, 80). He also sets forth various state law claims. (*Id.* ¶¶ 81-90).

## II. Legal Standard

A party who has received evasive or incomplete discovery responses may seek a court order compelling disclosures or discovery of the materials sought. FED. R. CIV. P. 37(a). "If the motion [to compel] is granted...the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." FED. R. CIV. P. 37(a)(5)(A). However, the Court must not order this payment if:

    (i)    the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

    (ii)    the opposing party's nondisclosure, response, or objection was substantially justified; or

    (iii)    other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

Further, "[i]f the motion [to compel] is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." FED. R. CIV. P. 37(a)(5)(C).

### III. Discussion

In the instant motion, Walker "requests the Honorable Court to impose sanctions against the defendant ('Baldauf') and/or advising attorney, after being granted in part, and/or prevailing on [his] motion (Doc. 51) to compel discovery for costs and expenses incurred in making and litigating [his] discovery motion." (Doc. 91, at 1). Walker further argues as follows:

> In pursuant to this Court's Order (Doc. 88) dated of May 23, 2025, granting in part and denying in part, plaintiff's motion (Doc. 51) to compel discovery. See, (Doc. 88). Pursuant to FED. R. CIV. P. 37(a)(5)(c) authorizes and permits plaintiff to recover of costs and expenses incurred in bringing the discovery motions at issue. And therefore, Plaintiff requests for reimbursement pursuant to Rule 37(a)(5)(C). For that reason, or reasons stated here, Plaintiff's motion for sanction 'shall' be granted. See, FED. R. CIV. P. 37(a)(5)(C).

(Doc. 94, at 1). Walker argues that because Defendant Baldauf was directed to provide additional information for her responses to his discovery requests, he should be awarded

4

sanctions in the amount of $100.00 as reimbursement "for postages, paper, envelopes, and other costs associated with filing and litigating of the discovery motion at issue." (*Id.* at 4-5).

In addressing Walker's previously filed motion (Doc. 51) to compel discovery, the Court entered a Memorandum and Order on May 23, 2025, denying in part and granting in part Walker's motion regarding interrogatories and requests for production of documents that he propounded upon Defendant Baldauf. (Docs. 87, 88). Specifically, in the May 23, 2025 Order, the Court denied Walker's motion to related to Defendant's responses to his requests for production of documents. (*Id.*). With respect to Walker's motion related to Defendant's answers to interrogatories, the Court directed Defendant to provide additional information as to five of his nine interrogatories—Interrogatory Numbers 9, 10, 13, 16, and 17. (*Id.*). The Court found as follows:

> Interrogatory Number 9: What information(s) concerning the events in question regarding this civil rights action, prior to you performing of said medical procedural upon plaintiff, on July 9, 2020, did you not diagnose plaintiff with having of a serious medical need.
>
> ANSWER: The corresponding Interrogatory is unintelligible as written, and, as such, Responding Defendant cannot reasonably respond. By way of further response, Plaintiff's medical records would likely contain the information sought by this Interrogatory. Responding Defendant[ ] also objects to the instant Interrogatory in that it calls for a legal conclusion.
>
> Interrogatory Number 10: If your answer is YES, to Interrogatory No. 9, please in full complete details and with specificity, explain in medical terms, or, explanation to your diagnosis of plaintiff, and the sever of his medical needs/condition causing and/or leading up to medical surgical procedural, on July 9,2020.

5

>ANSWER: *See*, Responding Defendant's Answer to Interrogatory No. 9.

Defendant maintains that she does not have personal recollection of Walker's medical history or treatment because she has treated numerous patients over the years and because she no longer works for Wellpath. (Doc. 53, p. 4). Defendant maintains further that Walker can review his medical records, which have been provided to him, for specific information about his medical treatment. It appears that Walker is asking whether Defendant diagnosed him with a serious medical condition prior to July 9, 2020. (Doc. 52, p. 8). The Court will grant the motion to compel with respect to Interrogatory Numbers 9 and 10 and direct Defendant to provide a further response.

>Interrogatory Number 13: It is true that during post surgical examination/observation to plaintiff's serious medical needs/conditions, On July 17,2022, the defendant, in fact, observed plaintiff's having of complication: As an Example: 'Surgical Prolene Sultures' separated from 'performed incision', thereby cauing, bleeding, inflammation, flutuant and purulent discharge and swelling. In your answer please identify any and all documents supporting your answer.
>
>ANSWER: The corresponding Interrogatory is unintelligible as written, and, as such, Responding Defendant cannot reasonably respond. By way of further response, Plaintiff's medical records would likely contain the information sought by this Interrogatory.

Defendant again represents that she does not have personal recollection of Walker's medical history or treatment, she no longer works for Wellpath, and that Walker can review his own medical records for specific information about his medical treatment. (Doc. 53, p. 5). It appears that Walker is inquiring as to whether Defendant observed any complications, such as ruptured sutures, after the procedure on July 17, 2020. (Doc. 52, pp. 9-10). The Court will grant the motion to compel with respect to Interrogatory Number 13 and direct Defendant to provide a further response.

> Interrogatory Number 16: If your answer is NO, to Interrogatory No. 14. Please in full complete and factual details, and with specificity, your reason, or, reason(s) for no recommendation.
>
> ANSWER: *See*, Responding Defendant's Answer to Interrogatory No. 14.
>
> Interrogatory Number 17: It is true that you did not participate and/or take part in additional surgical procedural on October 29 and/or 30, 2020, to correct error from previous procedural. If your answer is NO, please in full complete and factual details, and with specificity, your reason, or, reasons for no participation.
>
> ANSWER: Pursuant to FED. R. CIV. P. 33(d), the information sought by this Interrogatory is equally available to Plaintiff as it is to Defendant because the information sought is recorded in Plaintiff's medical records, which have been produced to him. *See*, Plaintiff's medical records. Defendant further objects to this Interrogatory as an attempt to improperly shift Plaintiff's burden of reviewing his own medical records to Defendant.
>
> Interrogatory Number 14 asks whether Defendant recommended that Walker be treated by an outside medical provider on July 27, 2020. (Doc. 53-1, p. 6). In her answer to Interrogatory Numbers 14 and 17, Defendant responded that while she could not understand what was being asked by the Interrogatory, Walker should review his medical records. (Doc. 53, pp. 6-7). Defendant further responded that she does not have personal recollection of Walker's medical history or treatment and she no longer works for Wellpath. (*Id.*). It appears that Walker is inquiring as to whether Defendant recommended that Walker be treated by an outside medical provider on July 27, 2020, and whether or not she participated in an additional surgical procedural on October 29, 2020, or October 30, 2020. The Court will grant the motion to compel with respect to Interrogatory Numbers 16 and 17 and direct Defendant to provide further responses.

(Doc. 87, at 6-8).

Because Walker's motion to compel was granted in part, the Court must determine whether sanctions are appropriate under Rule 37(a)(5)(C). Federal Rule of Civil Procedure 37(a)(5)(C) requires that before granting sanctions when a motion to compel is granted in part and denied in part, the party resisting discovery must be given an opportunity to be heard. Here, Defendant has been given an opportunity to be heard and argues that she was substantially justified in responding to Walker's interrogatories. (Doc. 97). She argues further that her answers to the interrogatories were never considered to be evasive or withholding by the Court. (*Id.*). Upon review, the Court finds that Defendant was justified her initial responses to Walker's interrogatories. In her initial responses to Interrogatory Numbers 9, 10, 13, 16, and 17, Defendant responded that the interrogatories were unintelligible, she could not understand what was being asked by Walker, she did not have personal recollection of Walker's medical history or treatment, she no longer works for Wellpath, and Walker had access to his own medical records. It appears that Defendant believed in the objections and/or merits of her initial answers to the interrogatories. Nothing before the Court demonstrates that Defendant acted in bad faith such that the imposition of sanctions would be warranted. The fact that Defendant initially objected to certain interrogatories does not lead to a conclusion that Defendant has acted in bad faith.

## IV. Conclusion

For the reasons set forth above, the Court will deny the motion (Doc. 91) for sanctions. A separate Order shall issue.

                                                Robert D. Mariani
                                                United States District Judge

Dated: November 21, 2025